IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01620-WYD-CBS

STEPHEN A. HAYNES,
          Plaintiff,
v.

CITY AND COUNTY OF DENVER, COLORADO,
POLICE OFFICER YOLANDA CUNNINGHAM,
CHARLI CAY WARREN,
MARVIN L. FISHER,
EMMANUEL NELSON BASSUNGA,
MICHAEL J. DeANDA, and
DOE DEFENDANTS 1 TO 5,
          Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

          This civil action comes before the court on: (1) "Defendants City and County of

Denver and Police Officer Yolanda Cunningham's Motion to Dismiss Plaintiff's First

Amended Complaint" (filed December 19, 2005) (doc. # 30); (2) "Plaintiff's Motion for

Second Amendment of Complaint" (filed January 3, 2006) (doc. # 33); (3) "Plaintiff's

Motion to Strike Answer of Defendant Warren to Plaintiff's First Amended Complaint"

(filed February 9, 2006) (doc. # 44);  (4)  "Plaintiff's Motion to Strike Answer of

Defendant Fisher to Plaintiff's First Amended Complaint" (filed March 15, 2006) (doc. #

49); and (5) Defendant Fisher's "Motion to Request Attorney" (filed March 24, 2006)

(doc. # 53).  Pursuant to the Order of Reference dated August 25, 2005 (doc. # 7) and

the memoranda dated December 19, 2005 (doc. # 31), January 4, 2006 (doc. # 34),

1

February 9, 2006 (doc. # 45), March 16, 2006 (doc. # 51), and March 27, 2006 (doc. #

54), these matters were referred to the Magistrate Judge.  The court has reviewed the

motions, Haynes' response (filed January 17, 2006) (doc. # 37), Defendants City and

County of Denver ("Denver") and Cunningham's response (filed January 23, 2006)

(doc. # 38), Defendants Denver and Cunningham's reply (filed February 7, 2006) (doc.

# 43), the entire case file, and the applicable law and is sufficiently advised in the

premises.

I.      Statement of the Case

        Haynes is proceeding *pro se* in this civil action.  Haynes names as Defendants

Denver, Cunningham, Michael DeAnda (an employee of Denver's Department of Excise

and License), three private citizens (Warren, Fisher, and Bassunga), and five John

Does.  Haynes invokes the court's jurisdiction pursuant to 42 U.S.C. § 1983.  (*See* First

Amended Complaint ("FAC") at ¶¶ 8, 32, 32A, 37B - 37F).  Haynes alleges a

conspiracy to violate criminal laws and deprive him of constitutional rights.  Haynes

alleges that "[t]his claim is for a violation of Title 42 Section 1983 of the United States

Code stating claim for relief based on conspiracy, joint action, symbiotic relationship,

nexus of activity, and government compulsion among parties acting under color of law

to deprive Plaintiff of, and retaliate against Plaintiff for, exercise of his rights of free

speech, rights to seek redress of grievances, and rights of association guaranteed by

the United States Constitution."  (FAC at ¶ 8; *see also* ¶ 26).  Haynes seeks

compensatory and exemplary damages, costs, and attorney fees.  (*See* FAC at ¶¶ 32-

2

38).

II.     Standard of Review

Defendants Denver and Cunningham argue that Haynes' FAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff.  *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted).  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The court must construe Haynes' FAC and other papers liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers");  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted).  However, the court cannot be a *pro se* litigant's advocate.  *Hall*, 935 F. 2d at 1110.  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated General*

3

*Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues");  *Abdelsamed v. United States of America*, 31 Fed. Appx. 632, 633, 2002 WL 462027 at * 1 (10th Cir., March 27, 2002) ("[T]he court [is] under no obligation to craft legal theories for the plaintiff, nor may [it] supply factual allegations to support a pro se plaintiff's claim for relief. . . "), *cert. denied*, 538 U.S. 985 (2003).

III.    Analysis

A.    Defendants Denver and Cunningham's Motion to Dismiss

Defendants Denver and Cunningham argue that the FAC fails to state a claim upon which relief may be granted for conspiracy under § 1983.

"[A] § 1983 conspiracy claim mean[s] a conspiracy to violate a right protected by § 1983; in other words, a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law." *Dixon v. City of Lawton, Okla*. 898 F.2d 1443, 1449 n. 6 (10th Cir. 1990) (citations omitted).  "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).  *See*

4

*also Brennan v. Hendrigan*, 888 F.2d 189, 195 (1st Cir. 1989) (because a § 1983 conspiracy claim requires proof of a constitutional deprivation, conspiracy claim was properly dismissed).

To survive a motion to dismiss, a complaint alleging a conspiracy to deprive a person of constitutional rights must contain more than conclusory, vague or general allegations of conspiracy. *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993). *See also Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (upholding dismissal of an amended complaint that failed to provide factual averments as to the nature of the alleged conspiracy or the defendant's role in the alleged activities); *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (while allegations of conspiracy may form the basis of a § 1983 claim, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants) (citation omitted); *Alfaro v. E.F. Hutton & Co.*, 606 F. Supp. 1100, 1117-18 (E.D. Pa. 1985) (holding that a general conspiracy allegation without a statement of facts is insufficient to state a cause of action); *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("in a § 1983 action, . . . mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action") (citation omitted).

Haynes alleges "on his best information and belief . . . that Fisher, Warren, and Bassunga conspired with Cunningham beginning on May 27, 2004 and continuing at times thereafter, to avoid their responsibilities and legal obligations, both to Haynes and to the community at large.  The conspiracy was aimed at coercing Haynes to

abandon fundamental rights, in the absence of any competent and authorized official action, to his detriment."  (FAC at ¶ 26).

Haynes makes conclusory allegations concerning Cunningham's conduct in several paragraphs of the FAC, *e.g.* that "[s]he failed to meet criteria for official conduct established by the Department's Police Guidelines, . . . made groundless threats to Haynes of prosecution for trespass and harassment, . . . failed to make a report of theft . . . ," and "failed to report an alleged serious threat."  (*See* FAC at ¶¶ 10, 13, 14). Haynes alleges that Cunningham was dispatched in response to a call from 1433 Ogden Street and that she spent 40 minutes at the location speaking to Defendants Fisher and Warren.  ((*See* FAC at ¶ 12).  Haynes alleges that Cunningham attempted to contact him, but was unsuccessful and left a business card at his residence.  (FAC at ¶ 15).  Haynes alleges that he talked to Cunningham at District 6 and that she warned him that he could be arrested for trespass were he to walk in front of businesses at 1433 and 1431 Ogden Street and that he could be charged with harassment were he to have further written communication with businesses at 1433 and 1431 Ogden Street. (FAC at ¶¶ 16, 17, and 18).  Haynes alleges that Cunningham made a demand that she promptly retracted that he not send further written communications to her.  (FAC at ¶¶ 19).

The FAC does not describe any specific communication, cooperation or command from which a conspiracy between the Defendants could be inferred.  Haynes fails to explain what role each alleged co-conspirator played.  *See Scott v. Hern*, 216 F.3d at 908 (upholding dismissal of an amended complaint that failed to provide factual

6

averments as to the nature of the alleged conspiracy or the defendant's role in the alleged activities); *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999) (conspirators must act with a single plan, the general nature and scope of which is known to each would-be conspirator)*; Sales v. Murray*, 862 F. Supp. 1511, 1517 (W.D. Va. 1994) (conspiracy complaint must allege facts suggesting agreement or meeting of minds)*; Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) (noting that "parallel but independent action by actors does not import conspiracy"); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230-31 (10th Cir.1990)  (dismissing conspiracy claim because plaintiff offered no evidence of communication between alleged co-conspirators and nothing that would even give rise to the inference that they conspired).

Haynes does not allege that he was present during any of the conversations between the Defendants.  Without factual basis, Haynes alleges that "Cunningham advised private Defendants Fisher and Warren that they could obtain emergency protection orders from Denver County Court."  Haynes speculates that because Fisher and Warren did not apply for such protection immediately, Cunningham must have advised them there was insufficient cause for a protective order.  (FAC at ¶¶ 25A). Haynes alleges that on June 16, 2004, in response to a call, Cunningham "spent about thirty minutes with Fisher and Warren."  (FAC at ¶ 25H).  Haynes again speculates that but for this consultation with Cunningham, Fisher and Warren would not have proceeded with their complaints in Denver County Court and that therefore Cunningham "insinuated herself into the process of complaint to the County Court."

(FAC at ¶ 25H).  Haynes alleges that "Cunningham engaged Fisher [and] Warren in conversations that are believed to have promoted a scheme to retaliate against Haynes."  (FAC at ¶ 12).  Haynes alleges merely that "Fisher was present May 27, 2004 while Cunningham conferred with Warren."  (FAC at ¶ 25).  Haynes argues that "[f]rom these facts as alleged, this Court may reasonably infer that Cunningham had entered into a meeting of the minds with Fisher and Warren . . . ."  (Haynes' Opposition to Motion to Dismiss at ¶ 14).

Haynes' allegations are conclusory, with no facts alleged other than a conversation between Cunningham, Fisher, and Warren.  In a § 1983 action alleging a conspiratorial deprivation of constitutional rights, a plaintiff must demonstrate that the alleged conspirators reached an understanding to deny the plaintiff his constitutional rights.  *House v. Belford*, 956 F.2d 711, 721 (7th Cir. 1992).  While a conspiracy may be demonstrated by circumstantial evidence, mere conclusory allegations of a conspiracy are insufficient to withstand a motion to dismiss.  *Id.*  Mere conversations between the Defendants do not state a claim that the Defendants conspired to violate Haynes' rights.  *See Tonkovich* 159 F.3d at 533 ("Professor Tonkovich presents us with nothing more than conclusory allegations. We do not think it is reasonable to infer, for example, that because certain Law School faculty members met with certain administrators during the investigation, they were conspiring with one another and with the Hearing Committee who ultimately found against Professor Tonkovich").

Haynes argues that "he fully expects to unravel the secrecy comprising the conspiracy by vigorous use of pre-trial discovery and cross-examination at trial."

8

(Haynes' Motion for Second Amendment . . ." at ¶ 10; *see also* ¶¶ 17, 18, 19, 21, 23).

Nothing before the court suggests that discovery would produce a "coherent and

promising" claim for conspiracy. *Eastern Food Services v. Pontifical Catholic University*

*Services Assn., Inc.*, 357 F.3d 1, 9 (1st Cir. 2004). "[D]iscovery is not for fishing

expeditions." *Eastern Food Services*, 357 F.3d at 9. A defendant has the right under

Rule 12(b)(6) to challenge the legal sufficiency of the complaint's allegations against it

without first subjecting itself to discovery. *Greene v. Emersons, Ltd.*, 86 F.R.D. 66, 73

(S.D. N.Y. 1980). Haynes' assertion that he will fill in the details of his complaint with

additional discovery is inappropriate and insufficient to withstand defendant's motion.

*Bellecourt v. United States*, 784 F. Supp 623, 633 (D. Minn. 1992).

The conspiracy allegations offer no more than legal conclusions and speculative

assumptions. "[L]egal conclusions masquerading as factual conclusions will not suffice

to prevent [dismissal]." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005) (citations

omitted), *rehearing and rehearing en banc denied* (6th Cir. (Ohio) Sept. 29, 2005),

*petition for cert. filed* (Dec 28, 2005). Claims of conspiracy that are vague and provide

no basis in fact for the conclusion asserted must be dismissed. *McLaurin v. New*

*Rochelle Police Officers*, 368 F. Supp. 2d 289, 295 (S.D.N.Y. 2005) (citations omitted).

Haynes has failed to allege the facts necessary to state a claim for conspiracy under §

1983.


B.    Section 1983 and Defendants Warren, Fisher, and Bassunga

      Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are

deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970). To assert a claim under § 1983, Haynes must allege a deprivation of a federal or constitutional right by a person acting under color of state law. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Section 1983 does not impose liability in the absence of action taken under color of state law. *Adickes*, 398 U.S. at 150. If the action of the defendant does not qualify as state action, then the inquiry into section 1983 liability ends. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). Purely private acts are not consider acts under color of state law unless that conduct is furthered by actual or purported state authority. *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir. 1995). *See also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (court must determine whether private party's "conduct has sufficiently received the imprimatur of the State so as to make it 'state action' for purposes of the Fourteenth Amendment"). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a

10

state actor." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

To state a claim for relief under section 1983 Haynes must demonstrate that Defendants Warren, Fisher, and Bassunga ("Private Defendants") acted under color of state law. *American Manufacturers Mutual Insurance Co. v Sullivan*, 526 U.S. 40, 49-50 (1999).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." ' *American Manufacturers*, 526 U.S. at 50 (citations omitted).  There are four tests that a court may utilize in order to determine whether a person was acting under color of state law: (1) the public function test, (2) the nexus test, (3) the joint action test and (4) the state compulsion test.  *Lugar*, 457 U.S. at 939.

First, under the public function test, a defendant may be considered a state actor if he engages in a traditionally exclusive government function.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982).  Haynes has not alleged that the Private Defendants work for the state or that their actions were actions traditionally reserved for the state.  Second, under the nexus test, Haynes must show that there is a sufficiently close relationship between the Private Defendants and the state such that the actions of the Private Defendants may be justifiably attributed to the state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).  Haynes has not alleged any close relationship between the Private Defendants and the state.  Third, the Private Defendants may be considered state actors if they are "willful participant[s] in joint action with the state or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  Joint action may be found if the private party conspired with the state in order to deprive someone of his or her

11

constitutional rights.  *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983).  Haynes has

alleged that the Private Defendants conspired with Defendant Cunningham and Denver

to deprive him of his constitutional rights.  The court has determined that Haynes'

allegations do not support his claim of a conspiracy.  Thus, Haynes has not adequately

alleged that the Private Defendants acted jointly with the state.  Finally, under the state

compulsion test, Haynes must demonstrate that the state encouraged or coerced the

Private Defendants to take the actions at issue, thus transforming the action into one of

the state.  *See George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1230 (9th

Cir.1996).  The FAC contains no allegations that the state coerced or compelled the

Private Defendants to take any action.

In sum, the FAC does not set forth facts that would suggest that the Private

Defendants were functioning in any capacity other than as private actors.  Haynes'

allegations of state law violations or private misuse of state judicial procedures do not

change the character of the Private Defendants' conduct.  *Cobb v. Saturn Land Co.,

Inc.*, 966 F.2d 1334, 1336 (10th Cir. 1992).  Even construing the FAC in a light most

favorable to Haynes, the court must conclude that Haynes has not adequately

demonstrated that the Private Defendants acted under color of state law.  Haynes'

claim against the Private Defendants based on § 1983 is properly dismissed.


C.      Liability of Denver under Section 1983

The Supreme Court has held that municipalities and other local governmental

bodies are "persons" within the meaning of 42 U.S.C. § 1983.  *Monell v. New York City*

12

*Dept. of Social Servs.*, 436 U.S. 658, 689 (1978).  "[I]n *Monell* and subsequent cases,

we have required a plaintiff seeking to impose liability on a municipality under § 1983 to

identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bryan County*

*v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted).  "Locating a 'policy' ensures that

a municipality is held liable only for those deprivations resulting from the decisions of

its duly constituted legislative body or of those officials whose acts may fairly be said to

be those of the municipality."  *Bryan County*, 520 U.S. at 403-04 (citation omitted).

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly
> attributable to the municipality.  The plaintiff must also demonstrate that, through
> its deliberate conduct, the municipality was the 'moving force' behind the injury
> alleged.  That is, a plaintiff must show that the municipal action was taken with
> the requisite degree of culpability and must demonstrate a direct causal link
> between the municipal action and the deprivation of federal rights.

*Bryan County*, 520 U.S. at 404.

To find municipal liability under *Monell* for civil rights violations under 42 U.S.C.

§ 1983, plaintiffs must prove that the defendants have customs or policies which

amount to deliberate indifference to their constitutional rights and that these policies

are the moving force behind the constitutional violations.  *City of Canton v. Harris*, 489

U.S. 378, 389-91 (1989).  That is, under *City of Canton*, plaintiffs must prove that the

official policy was "deliberately indifferent" to their constitutional rights.  "This occurs

when the need for more or different action 'is so obvious, and the inadequacy [of the

current procedure] so likely to result in the violation of constitutional rights, that the

policymakers . . . can reasonably be said to have been deliberately indifferent to the

need." 489 U.S. at 390.

"If the violation cannot be characterized as official policy, then [a municipality may] still be held liable if the practice is so permanent and well-settled as to constitute a custom or usage with the force of law." *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (internal quotation marks and citations omitted).  "In order to establish a custom, the actions must be persistent and widespread . . . practices of [city] officials." *Lankford*, 73 F.3d at 286 (internal quotation marks and citations omitted).

The only allegation of Denver's involvement is in paragraphs 21A and 21B of the FAC, where Haynes alleges that he made a complaint regarding Cunningham's conduct to the Denver Police Department Internal Affairs Division and that the Division exonerated Cunningham of any wrongdoing.  Haynes alleges this is Denver's official ratification and approval of Cunningham's conduct and thus somehow implicates Denver either as a co-conspirator or as participating in a constitutional violation.  (*See* FAC at ¶¶ 21B, 30;  Haynes' Opposition to Motion to Dismiss at ¶¶ 2, 19).

Haynes does not claim that Denver's policies or customs were unconstitutional. Haynes has not alleged any pattern of complaints by other citizens.  *See Bryan County*, 520 U.S. at 410-11.  Haynes' allegation that the Denver Police Internal Affairs Division exonerated Cunningham of conduct that Haynes alleged to be a violation of Department policies (not preparing a report) is insufficient to state a claim against the municipality under 42 U.S.C. § 1983.  There is simply no direct causal link between the alleged action of Denver and any constitutional violation alleged.  *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997).  Moreover, the policy violation must demonstrate deliberate indifference to the rights of the Plaintiff.  *City of Canton*, 489

14

U.S. at 388.  A letter from the Internal Affairs Division exonerating a police officer of a

citizen's complaint of a Department policy violation is not deliberate indifference.  In

sum, Haynes does not sufficiently allege an official custom or policy to state a claim for

violation of § 1983 by Denver.

> Haynes also alleges that:
>
> [t]he City's failure to train Cunningham sufficiently in aspects of unbiased
> policing, theft reporting, and emergency protection procedures arise [sic]
> from an official policy that amounts to deliberate indifference to the rights
> of persons that police officers will come in contact with while
> implementing Colorado County Court Rule 365.  For policy reasons, that
> statue [sic] itself subordinates constitutional protections generally
> afforded to the public at large.  Therefore, the City of Denver must
> exercise heightened scrutiny of its procedures implementing the statute,
> and its enforcement procedures and policies must be objectively
> reasonable and balanced, rather than preferential, prejudicial and
> discriminatory.

(FAC ¶ 30A).

A municipality may be held constitutionally liable under § 1983 for failing to

properly train its employees and officers.  *City of Canton*, 489 U.S. at 387.  "[T]he

inadequacy of police training may serve as the basis for § 1983 liability only where the

failure to train amounts to deliberate indifference to the rights of persons with whom the

police come into contact."  *City of Canton*, 489 U.S. at 388. "[T]o establish liability on a

failure to train claim under § 1983, plaintiffs 'must identify a failure to provide specific

training that has a causal nexus with their injuries and must demonstrate that the

absence of that specific training can reasonably be said to reflect a deliberate

indifference to whether the alleged constitutional deprivations occurred.' " *Giles v.*

*Davis*, 427 F.3d 197, 207 n. 7 (3d Cir. 2005) (quoting *Reitz v. County of Bucks*, 125

F.3d 139, 145 (3d Cir. 1997).  Thus, in order to succeed on such a claim, it must be

proven that "the training deficiency actually caused the injury."  *Reitz*, 125 F.3d at 145

(citing *City of Canton*, 489 U.S. at 391).

Haynes' allegations are simply conclusory.  He alleges no facts to suggest

specific deficiencies in supervision or training.  Haynes has not identified any examples

of specific training that was needed or that Denver failed to provide.  Thus, it cannot be

said that the need for more or additional training is so obvious as to constitute

deliberate indifference on the part of Denver.  *See City of Canton*, 489 U.S. at 388.

The complaint is devoid of any factual averments which would establish that Haynes

was injured by Denver's deliberately indifferent failure to train its officers.  A mere

conclusory allegation that an officer is unsatisfactorily trained will not "suffice to fasten

liability on the city."  *City of Canton*, 489 U.S. at 390-91.  Finally, because Haynes has

not adequately alleged a conspiracy, his claim for failure to train must also fail.  *See*

*Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 132 (2d Cir. 1997) ("a claim of

inadequate training and supervision under § 1983 cannot be made out against a

supervisory body without a finding of a constitutional violation by the persons

supervised") (citation omitted).

D.    Haynes' Assertion of Criminal Violations

Haynes purports to assert claims for "criminal conduct," "criminal false

reporting," "criminal accessory," "witness tampering," and "witness intimidation."  (*See*

FAC at ¶¶ 10, 26, 34-35A, 36-36A).

16

"Criminal statutes cannot be enforced by civil actions." *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("private citizens generally have no standing to institute criminal proceedings"). Haynes does not have standing to institute criminal proceedings through a civil lawsuit. *See Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) ("Generally, private citizens have no authority to institute a federal criminal prosecution"). *See also Bass Angler Sportsman Society v. United States Steel Corp.*, 324 F. Supp. 412, 415 (S. D. Ala. 1971) (recognizing "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions"). To the extent that Haynes alleges that Defendants have violated criminal statutes, he does not state a cognizable claim for relief.

E.     Haynes' Motion for Leave to File Second Amended Complaint

While Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992). *See also Simon v. Navon*, 951 F. Supp. 279, 283-84 (D. Me. 1997) (motion to amend may be denied where proposed amendment advances claim that is legally insufficient on its face). Where a party opposes a motion to amend on grounds of futility, the court must apply the same standard that governs a motion to dismiss. *Upsher-Smith Laboratories, Inc. v. Mylan Laboratories, Inc.*, 944 F. Supp. 1411, 1441 (D. Min. 1996). *See also Jefferson County School District No. R-1 v. Moody's*

17

*Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (proposed amendment is futile if the complaint, as amended, would be subject to dismissal).

Denver and Cunningham object to the proposed amendment as futile because the proposed Second Amended Complaint ("SAC") does not cure the legal deficiencies of the FAC.  Like the FAC, the SAC alleges that "[t]his claim is for a violation of Title 42 Section 1983 of the United States Code stating claim for relief based on conspiracy, joint action, symbiotic relationship, nexus of activity, and government compulsion among parties acting under color of law to deprive Plaintiff of, and retaliate against Plaintiff for, exercise of his rights of free speech, rights to seek redress of grievances, and rights of association guaranteed by the United States Constitution."  (Proposed SAC at ¶ 8; *see also* ¶ 26).

Addressing the argument in the Motion to Dismiss that he has not adequately stated a claim for conspiracy, Haynes alleges in his proposed SAC "that the parties Defendant could not have acted as they did if in *disagreement* with each other." (Haynes' Motion for Second Amendment . . ." at ¶ 9 (emphasis in original); *see also* proposed Second Amended Complaint at ¶¶ 12, 13, 14, 16, 17, 18, 22, 23, 24, 25, 25A, 25F, 25G, 25H, 25I, 25J, and 26).  Haynes cannot state a claim for conspiracy by alleging the negative inference that the parties could not have acted as they did in the absence of a conspiracy.  Other than the added allegation of a negative inference, the proposed SAC is virtually identical to the FAC.  The proposed SAC suffers from the same legal deficiencies as the FAC.  Haynes' request to file the proposed SAC is properly denied as futile.

18

F.     Haynes' Motions to Strike Answers of Defendants Warren and Fisher to
       Plaintiff's First Amended Complaint

Haynes moves to strike as untimely the Answers (docs. # 41 and 42) filed by

Defendants Warren and Fisher.  Haynes' First Amended Complaint was accepted for

filing by the court on December 9, 2005. Haynes alleges that he served Warren and

Fisher "with the 'First Amended Complaint' by certified mail November 18, 2005." (*See*

doc. # 44 at ¶ 1; doc. # 49 at ¶ 1).  Haynes argues that Warren's and Fisher's Answers

were due on or before December 19, 2005.  (*See* doc. # 44 at ¶ 4; doc. # 49 at ¶ 4).

Warren's and Fisher's Answers were filed with the court on January 26, 2006.  Haynes

therefore asks the court to strike Warren's and Fisher's Answers as untimely filed.

The Federal Rules of Civil Procedure govern service of process upon individuals

within this judicial district as follows:

> Unless otherwise provided by federal law, service upon an individual from
> whom a waiver has not been obtained and filed, other than an infant or an
> incompetent person, may be effected in any judicial district of the United
> States:
>
> (1) pursuant to the law of the state in which the district court is located, or
> in which service is effected, for the service of a summons upon the
> defendant in an action brought in the courts of general jurisdiction of the
> State; or
>
> (2) by delivering a copy of the summons and of the complaint to the
> individual personally or by leaving copies thereof at the individual's
> dwelling house or usual place of abode with some person of suitable age
> and discretion then residing therein or by delivering a copy of the
> summons and of the complaint to an agent authorized by appointment or
> by law to receive service of process.

Fed. R. Civ. P. 4(e).  Colorado's Rules of Civil Procedure govern personal service as

follows:

(1) Upon a natural person over the age of eighteen years by delivering a copy or copies thereof to the person, or by leaving a copy or copies thereof at the person's usual place of abode, with any person over the age of eighteen years who is a member of the person's family, or at the person's usual place of business, with the person's secretary, bookkeeper, manager, or chief clerk; or by delivering a copy to an agent authorized by appointment or by law to receive service of process; . . .

C. R. C. P. 4(e).  Under the circumstances presented in this case, neither the Federal nor the Colorado Rules provide for service of process upon individuals by certified mail. As Haynes has not properly served Defendants Warren or Fisher pursuant to the applicable Rules, his Motions to Strike the Answers filed by Warren and Fisher are properly denied.

G.     Defendants DeAnda and Does 1 to 5

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of an action.  Defendants DeAnda and Does 1 to 5 have been named in this civil action since the filing of the Amended Complaint on December 9, 2005.  Approximately 111 days have passed since the filing of the Amended Complaint, and Defendants DeAnda and Does 1 to 5 have never been served with a summons and complaint in this action. To date, Defendants DeAnda and Does 1 to 5 have not filed a waiver of service with the court or appeared in the case.  Haynes concedes that he has not yet effected service on Defendants DeAnda and Does 1 to 5.  (Haynes' statements at hearing held March 15, 2006).

Further, there is no provision in the Federal Rules of Civil Procedure for the

naming of fictitious or anonymous parties in a lawsuit.  *Watson v. Unipress, Inc.*, 733

F.2d 1386, 1388 (10th Cir. 1984);  *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676

F.2d 411, 415 (10th Cir. 1982).  To the contrary, the Federal Rules provide:

> "[e]very pleading shall contain a caption setting forth the name of the
> court, the title of the action, the file number, and a designation as in Rule
> 7(a).  In the complaint, the title of the action shall include the names of all
> the parties . . . ."

Fed. R. Civ. P. 10(a).  Haynes concedes that he has not yet identified Does 1 to 5.

(Haynes' statements at hearing held March 15, 2006).

The court will direct that on or before April 12, 2006 Haynes shall show cause

why this civil action should not be dismissed against Defendants DeAnda and Does 1

to 5 pursuant to Fed. R. Civ. P. 4(m) for failure to effect service and pursuant to D.C.

COLO. LCivR 41.1 for failure to prosecute.  In the event that Haynes makes no such

showing, the court will further recommend that this civil action be dismissed without

prejudice as to Defendants DeAnda and Does 1 to 5 for failure to effect service and

failure to prosecute.


H.      Supplemental Jurisdiction over any Purported State Law Claims

While 28 U.S.C. § 1367(a) gives the federal district courts supplemental

jurisdiction over all other claims that are sufficiently related to the claims within the

original federal jurisdiction of district courts, 28 U.S.C. § 1367(c) provides that:

> "[t]he district courts may decline to exercise supplemental jurisdiction over
> a claim under subsection (a) if --
>        . . .

(3) the district court has dismissed all claims over which it
has original jurisdiction, . . .

Defendants Denver and Cunningham have interpreted Haynes' FAC as asserting a

claim for conspiracy in violation of 42 U.S.C. §1983.  Haynes has not contested this

interpretation of the FAC.  However, to the extent that Haynes may be asserting any

state law claims (*see* FAC at ¶¶ 35, 36, 37, 37A (mentioning "defamation")), because

the court recommends dismissal of the claim over which it has original jurisdiction, the

court further recommends dismissal of any state law claims that Haynes may be

alleging.

I.      Fisher's "Motion to Request Attorney"

        Defendant Fisher has requested the assistance of appointed counsel.  Indigent

civil litigants have no constitutional or statutory right to be represented by a lawyer.

*Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Pursuant to 28 U.S.C. §

1915(e)(1), the court "may request an attorney to represent any person unable to afford

counsel."  *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)

(a court may request counsel to represent an indigent plaintiff in an "exceptional case").

However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or

"coercive appointments of counsel."  *Mallard v. United States District Court for the*

*Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

        Whether to request counsel is left to the sound discretion of the trial court.

*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has

22

broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citation omitted).

The court has given careful consideration to Fisher's request for appointed counsel and to all of the appropriate factors.  As a *pro se* litigant, Fisher is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. at 520-21.  In light of its Recommendation that this civil action be dismissed, the court determines that at this stage of the proceedings the appointment of counsel would not provide a substantial benefit to the court or the parties.  The court is within its discretion in declining to request counsel to represent Fisher at this time.

For the foregoing reasons, **IT IS RECOMMENDED that**:

1.      "Defendants City and County of Denver and Police Officer Yolanda Cunningham's Motion to Dismiss Plaintiff's First Amended Complaint" (filed December 19, 2005) (doc. # 30) be GRANTED.

2.      The First Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

3.      "Plaintiff's Motion for Second Amendment of Complaint" (filed January 3,

2006) (doc. # 33) be DENIED.[1]

        **Further, IT IS ORDERED that**:

        1.      "Plaintiff's Motion to Strike Answer of Defendant Warren to Plaintiff's First Amended Complaint" (filed February 9, 2006) (doc. # 44) is DENIED.

        2.      "Plaintiff's Motion to Strike Answer of Defendant Fisher to Plaintiff's First Amended Complaint" (filed March 15, 2006) (doc. # 49) is DENIED.

        3.      Fisher's "Motion to Request Attorney" (filed March 24, 2006) (doc. # 53) is DENIED at this time with leave to refile as appropriate after District Judge Daniel's final ruling on the Recommendation to dismiss this civil action.

        4.      **On or before April 12, 2006**, Haynes shall show cause why this civil action should not be dismissed against Defendants DeAnda and Does 1 to 5 pursuant to Fed. R. Civ. P. 4(m) for failure to effect service and pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.  In the event that Haynes makes no such showing on or before April 12, 2006, the court will recommend that this civil action be dismissed without prejudice as to Defendants DeAnda and Does 1 to 5 for failure to effect service and failure to prosecute.

**Advisement to the Parties**

        Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);

25

*International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 31st day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

1.      *See* <u>Pedro v. Armour Swift-Eckrich</u>, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000) (suggesting that an order denying a motion to amend may be dispositive for purposes of Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) if the order effectively removes a claim or defense from the action).