IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01620-WYD-CBS

STEPHEN A. HAYNES,
    Plaintiff,
v.

CITY AND COUNTY OF DENVER, COLORADO,
POLICE OFFICER YOLANDA CUNNINGHAM,
CHARLI CAY WARREN,
MARVIN L. FISHER,
EMMANUEL NELSON BASSUNGA,
MICHAEL J. DeANDA, and
DOE DEFENDANTS 1 TO 5,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Haynes' "Motion to Reopen Time for Appeal of Entry of Judgment of Dismissal and Other Dispositive Orders" (filed December 18, 2006) (doc. # 74); and (2) Haynes' "Motion to Amend His Motion to Reopen Time for Appeal of Entry of Judgment of Dismissal and Other Dispositive Orders" (filed December 19, 2006) (doc. # 76).  Pursuant to the Order of Reference dated August 25, 2005 and the memoranda dated December 19, 2006 (docs. # 75 and # 77), this matter was referred to the Magistrate Judge.  The court has reviewed Haynes' Motions, the entire case file and the applicable law and is sufficiently advised in the premises.  Haynes seeks pursuant to Fed. R. App. P. 4(a)(6) to reopen the time to file an appeal based on his failure to learn that judgment had been entered.

1

I.      Standard of Review

"A court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal[;] this requirement is mandatory and jurisdictional." *United States v. Mitchell*, 464 F.3d 1149, 1150 (10th Cir. 2006) (internal quotation marks and citation omitted).  The Federal Rules of Appellate Procedure strictly detail the procedure and deadlines for enlarging the time within which to file a notice of appeal, and the district courts lack authority to act otherwise.  *See Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1257 (10th Cir. 1990) ("Fed. R. App. P. 26(b) expressly prohibits extensions of time for filing notice of appeal beyond the time limits set out in the rules.");  *United States v. Dando*, 287 F.3d 1007, 1011 n. 6 (10th Cir. 2002) (noting that "we have strictly enforced time period requirements imposed by the Federal Rules of Appellate Procedure").

"Prior to 1991, neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure contained provisions permitting an extension of the time limit for filing an appeal when a party entitled to receive notice of the entry of a judgment or order fails to receive such notice."  *Vencor Hospitals, Inc. v. Standard Life and Accident Insurance Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002).  "In 1991, however, Federal Rule of Appellate Procedure 4(a) was amended to include subsection (6) . . . ." *Vencor Hospitals*, 279 F.3d at 1309.  Fed. R. App. P. 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a

2

judgment or order has been entered." *Vencor Hospitals*, 279 F.3d at 1309.

"Rule 4(a)(6) was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995). "By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor*, 279 F.3d at 1309. "The essence of Rule 4(a)(6) is finality of judgment. While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000).

II.   Analysis

Fed. R. App. P. 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

"To grant a motion to reopen, a court must first find that the motion was filed within seven days after the party received notice of the order or judgment it wishes to

appeal and no later than 180 days after the entry of the order or judgment." *Internet Financial Services, LLC v. Law Firm of Larson-Jackson*, 394 F. Supp. 2d 1, 5 (D.D.C. 2005). After numerous proceedings in this civil action, the Magistrate Judge issued his Recommendation on March 31, 2006 that this action be dismissed. (*See* doc. # 55). While Haynes sought and received two extensions of time to object to the Magistrate Judge's Recommendation (*see* docs. # 61, # 62, # 67, and # 69), Haynes did not file any objections to the Recommendation. On June 20, 2006, the District Judge entered the "Order Affirming and Adopting Recommendation of United States Magistrate Judge" (doc. # 70). On June 21, 2006, the Clerk of the Court entered the Judgment (doc. # 71). On July 6, 2006, Haynes' copies of the District Judge's Order and the Judgment were returned in the mail as undeliverable. The next filing in the case was Haynes' Motion to Reopen Time for Appeal on December 18, 2006.

Haynes does not indicate in his Motion what date he received notice of the Judgment. Thus, the court cannot determine whether Haynes filed his Motion within seven days after he received notice of the judgment he wishes to appeal.

Haynes filed his Motion 181 days after the entry of the judgment. Thus, Haynes did not meet the requirement that the Motion be filed no later than 180 days after the entry of the order or judgment he wishes to appeal. "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Clark*, 204 F.3d at 1040. "The 180-day limitation . . . is specific and unequivocal." *Clark*, 204 F.3d at 1040.

The second condition under Rule 4(a)(6) is that the moving party was entitled to

notice of the entry of the judgment or order sought to be appealed but did not receive such notice within twenty-one days of entry. Fed. R. Civ. P. 4(a)(6)(B). Beginning with the filing of the Complaint on August 22, 2005, Haynes represented to the court that his mailing address was 303 16th St. Suite 012-33, Denver CO 80202 and Haynes was receiving mail at that address. (*See, e.g.,* Complaint (doc. # 2), Plaintiff's Proposed Amendments (doc. # 14), Scheduling Order (doc. # 29), Plaintiff's Motion to Strike Answer (doc. # 49), Plaintiff's Motion for Transcription (doc. # 63), Plaintiff's Second Motion for Extension of Time (doc. # 67)). As recently as May 5, 2006, a copy of the court's Minute Order (doc. # 69) mailed to Haynes was not returned in the mail as undeliverable. While Haynes alleges that he did not receive mailings sent to his address of record with the court, Haynes has never filed notice with the court pursuant to D.C. COLO. LCivR 10.1 M. of any change of address. Haynes did not include his address on either of the Motions he filed on December 18 and 19, 2006, in violation of D.C. COLO. LCivR 10.1 K. The electronic docket available on PACER provides notice of orders and judgments. During the course of his lawsuit, Haynes has on many occasions been to the U.S. District Courthouse, where the entire case file is available upon request. "Although the district court clerk's office is obligated to serve parties with notice of judgments and orders, '[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.' " *Vencor Hospitals*, 279 F.3d at 1309 (quoting Fed.R.Civ.P. 77(d)).

> Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in [Fed. R. App. P. 4(a)], the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d) or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. *It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.*

Fed. R. Civ. P. 77(d) Advisory Committee's Note to the 1946 Amendment, 5 F.R.D. 433, 492 (1946) (emphasis added).

The court concludes that Haynes is partially at fault if he failed to receive notice of the Judgment within 21 days after its entry. *See Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214 (D.C. Cir.1996) ("If in a particular case the movant is at fault -- if the movant negligently failed to notify the clerk of his change of address, for example – then the district court may, in its discretion, deny relief under Rule 4(a)(6)"); *Lathrop v. Oklahoma City Housing Authority*, 438 F.2d 914, 915 (10th Cir. 1971) (applying Fed. R. Civ. P. 77(d), Tenth Circuit has "charge[d] the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest") (internal quotation marks and citations omitted).

Finally, the court is not required to grant an extension even if the requirements of Rule 4(a)(6) are met. The Rule states that a district court "may" reopen the time for appeal, not that it must. *See Nunley*, 52 F.3d at 798 (finding "that district judges have

some discretion" under Rule 4(a)(6), while "not reach[ing] the exact scope of district court discretion"); *Matter of Jones*, 970 F.2d 36, 39 (5th Cir.1992) ("Rule 4(a)(6) . . . does not require the district court to grant the relief, even if the requirements are met."). The court concludes that, in accordance with the conditions set forth in Fed. R. App. P. 4(a)(6), Haynes' motion to reopen the time to appeal is properly denied.

Therefore, IT IS ORDERED that:

1. Haynes' "Motion to Amend His Motion to Reopen Time for Appeal of Entry of Judgment of Dismissal and Other Dispositive Orders" (filed December 19, 2006) (doc. # 76) is GRANTED.

2. Haynes' "Motion to Reopen Time for Appeal of Entry of Judgment of Dismissal and Other Dispositive Orders" (filed December 18, 2006) (doc. # 74) is DENIED.

Dated at Denver, Colorado this 26th day of December, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge