IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01620-WYD-CBS

STEPHEN A. HAYNES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
POLICE OFFICER YOLANDA CUNNINGHAM,
CHARLI CAY WARREN,
MARVIN L. FISHER,
EMMANUEL NELSON BASSUNGA,
MICHAEL J. DeANDA, and
DOE DEFENDANTS 1 TO 5,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's Motion for Relief from Order of Court Under Fed. R. Civ. P. 60(b)(1) (filed June 21, 2007).  The motion seeks relief from the Order Affirming United States Magistrate Judge's Ruling and Order filed May 21, 2007.  In that Order, I affirmed the magistrate judge's recommendation to deny Plaintiff's motions to amend the complaint, to strike answers of certain Defendants, and to grant the motion to dismiss of other Defendants.  Plaintiff's motion pertains to the portion of the Order affirming the Recommendation to deny Plaintiff's Motions to Strike Answers of Defendants Warren and Fisher.  The Order and Recommendation was based on the finding that Plaintiff did not properly serve these Defendants.

Plaintiff asserts in his motion that his "clear intent was to test the Answers of Fisher and Warren for timeliness, and to press for the rejection of untimely pleadings by the Court." Mot. at 2.  He further asserts that he improperly titled his pleadings as motions to strike when he should have sought entry of default under Rule 55(a). Further, he contends that Defendants Fisher and Warren did not appear or otherwise defend the claims.  The motion concludes that the Court made a mistake of law as Plaintiff was held to a standard of service meant for original summons and process under Rule 4(e) instead of the standard for service of amended pleadings under Rule 5.  Plaintiff requests that the motions to strike be renamed as motions for entry for default, that the motions for entry of default be decided on the merits, and that the order of the Court denying Plaintiff's motions to strike be reversed.

Turning to my analysis, "[r]elief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).  Here, as set forth above, Plaintiff alleges that the Court misapplied the law by requiring service under Rule 4(e) instead of Rule 5.  However, a challenge to the legal correctness of an order by an argument that the district court misapplied the law is "properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do[es] not justify relief from the district court's judgment pursuant to Rule 60(b)."  *Id.* at 1244. Thus, Plaintiff's motion must be denied.  Even if I were to consider the merits, I find that Rule 4(e) was properly applied as newly added claims were asserted against Fisher and Warren in the amended complaint.  *See* FED. R. CIV. P. 5(a) ("pleadings asserting

new or additional claims  . . . shall be served. . . in the manner provided for service . . .

in Rule 4).

      Accordingly, it is

      ORDERED that Plaintiff's Motion for Relief from Order of Court Under

Fed. R. Civ. P. 60(b)(1) (docket # 86) is **DENIED**.

      Dated:  August 29, 2007

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge